UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
ALEJANDRO PALACIOS-RENGIFO,          :
                                     :
                                     :    14-cv-3997 (JSR)
       Petitioner,                   :    09-cr-109-8 (JSR)
                                     :
       -v-                           :    ORDER
                                     :
UNITED STATES OF AMERICA,            :
                                     :
       Respondent.                   :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

   Presently before the Court is the petition of Alejando Palacios-Rengifo to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Rengifo was a member of the FARC who guarded a kidnapped American citizen for a period of about ten months while the FARC sought a ransom payment for the hostage's release. After fleeing the FARC and surrendering to Panamanian authorities, Rengifo was extradited to the United States to face charges of conspiracy to commit hostage taking in violation of 18 U.S.C. § 1203 (Count One) and aiding and abetting hostage taking in violation of 18 U.S.C. §§ 1203 and 2 (Count Two). After the Court denied Rengifo's motion to present a duress defense at trial by Order dated May 23, 2011, Rengifo waived his right to a jury trial and the Court conducted a bench trial on stipulated facts on June 7, 2011. The Court convicted Rengifo of both counts by Order dated June 20, 2011. On October 24, 2011, the Court sentenced Rengifo to 15

1

years' imprisonment -- well below the Guidelines range of life imprisonment. The Second Circuit affirmed.

On September 30, 2015, United States Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("R&R") recommending that the Court deny Rengifo's pending habeas petition. See R&R, 14 Civ. 3997, ECF No. 27. On October 8, 2015, petitioner's counsel filed objections to Judge Gorenstein's R&R. See Objections to Magistrate Judge's Report and Recommendation ("Objections"), 14 Civ. 3997, ECF No. 28. The Government did not file any objections. The Court, having reviewed the record de novo, is in agreement with Magistrate Judge Gorenstein's excellent R&R. Accordingly, with the one exception noted infra, the Court adopts Judge Gorenstein's R&R in its entirety and hereby denies petitioner's motion for the reasons set forth in the R&R and below.

In his petition, Rengifo argues that he was denied effective assistance of counsel in several respects. Specifically, he claims "(1) that Farber [his counsel] was ineffective because she did not argue . . . that Rengifo was entitled to be apprised of certain rights set forth in *Boykin v. Alabama*, 395 U.S. 238 (1969) and Fed. R. Crim. P. 11 prior to proceeding to the bench trial on stipulated facts; (2) that Farber was ineffective because she did not object to [this Court's] alleged failure to ensure that Rengifo entered into the waiver of his right to a jury trial and the Stipulation

2

voluntarily and knowingly; and (3) that Farber was ineffective because she did not explain to Rengifo that he could present the same evidence offered as part of the disallowed duress defense to negate mens rea at trial." R&R at 9-10. Judge Gorenstein found, however, that petitioner had failed to show that petitioner had suffered from any of these alleged errors the prejudice required by the second prong of the Supreme Court's governing decision in Strickland v. Washington, 466 U.S. 668 (1984). Id. at 694 (a defendant claiming ineffective assistance of counsel must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

Though Rengifo purports to disagree with "each of the R and R's conclusions," Objections at 2, his Objections focus exclusively on his third theory of ineffective assistance of counsel, viz., that his counsel failed to discuss with him the possibility of presenting a mens rea defense at trial (as opposed to proceeding to a bench trial on a set of stipulated facts that effectively established his guilt).[1] Rejecting this argument, Judge Gorenstein found (1) that there is "no evidence in the record that Rengifo would have

---

[1] Rengifo took this route in order to preserve his right to appeal this Court's denial of Rengifo's motion to present a duress defense at trial. The Second Circuit affirmed that denial (and the reasonableness of Rengifo's 15-year sentence) on May 20, 2013. See United States v. Ortiz, 525 F. App'x 41 (2d Cir. 2013).

proceeded to a jury trial had [his counsel] presented this option to him," R&R at 20, and (2) that in any case a mens rea defense was not viable under the circumstances.

While the Court might find the first ground for denial a closer call than the Magistrate Judge appeared to find, the Court need not reach this first ground for denial because it is in complete agreement with Judge Gorenstein as to the second. As an initial matter, it is far from clear that the duress evidence would have been admissible at trial on the issue of mens rea, given that Rengifo would have plainly been attempting an end-run around the Court's denial of his motion to present a duress defense at trial. See United States v. Villegas, 899 F.2d 1324, 1343 (2d Cir. 1990) ("Where the evidence to be presented [in support of a duress defense] would be insufficient as a matter of law . . . no proper interest of the defendant would be served by permitting his legally insufficient evidence to be aired at trial, and interests of judicial economy suggest that the jury should not be burdened with the matter."). It is equally unclear why this Court should not treat this argument as waived, given that Rengifo stipulated prior to the bench trial that the facts and evidence described in the parties' stipulation "establish proof beyond a reasonable doubt of each of the elements of the crimes with which the defendants are charged." (Unsigned) Stipulation filed June 10, 2011, ¶ 14(d) 09-cr-109, ECF

No. 106; United States v. Muse, 83 F.3d 672, 678 (4th Cir. 1996)(by stipulating to an element of an offense "a defendant waives the requirement that the government produce evidence (other than the stipulation itself) to establish the facts stipulated to beyond a reasonable doubt").

In any event, however, even if the duress evidence were admissible and the argument were not waived, a mens rea defense based on this evidence stood no meaningful chance of success. In his Objections, Rengifo argues that he could negate the mens rea elements of the charged offenses by showing that he did not intend for the criminal venture to succeed, detested the FARC, and only participated in the conspiracy for fear of his own life. But this erroneously conflates Rengifo's motive for taking his wrongful acts with his clear intent to take them knowing they were wrongful. As for aiding and abetting, "a person aids and abets a crime when (in addition to taking the requisite act) he intends to facilitate that offense's commission." Rosemond v. United States, 134 S. Ct. 1240, 1248 (2014). However, "[w]hat matters for purposes of gauging intent . . . is that the defendant has chosen, with full knowledge, to participate in the illegal scheme," and "the law does not, nor should it, care whether he participates with a happy heart or a

5

sense of foreboding." Id. at 1250.[2] As for conspiracy, "the defendant [must have] knowingly participated in the conspiracy with the specific intent to commit the offenses that were the objects of the conspiracy," United States v. Salameh, 152 F.3d 88, 145 (2d Cir. 1998), but the "government does not have to prove that the accused knew every objective of the conspiracy," let alone joined in all of its objectives. United States v. Wiley, 846 F.2d 150, 153 (2d Cir. 1988). Rather, "[t]here are two aspects of knowledge involved in a conspiracy: 1) knowing participation or membership in the scheme charged and 2) some knowledge of the unlawful aims and objectives of the scheme." United States v. Ferrarini, 219 F.3d 145, 154-55 (2d Cir. 2000) (internal quotation marks omitted). Here, there is no dispute that Rengifo knowingly and intentionally guarded the kidnapping victim, prevented him from escaping, and threatened to kill him, all with the knowledge that the FARC sought to ransom the victim and that he was furthering that object. See R&R at 4, 25. The evidence was thus more than sufficient to satisfy the mens rea

---

[2] Rengifo cites Learned Hand's formulation that an aider and abettor must "participate in [the venture] as in something that he wishes to bring about, that he seek by his action to make it succeed." United States v. Peoni, 100 F.2d 401, 402 (2d Cir. 1938). The Supreme Court quoted this formulation approvingly in Rosemond as well, but plainly does not embrace the broad interpretation of it that Rengifo adopts.

elements of the charged offenses and, as such, Rengifo has failed to demonstrate the requisite prejudice under Strickland.[3]

Because petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is direct to close document number 142 on the criminal docket of this case and document number 1 on the civil docket of this case.

SO ORDERED.

Dated:   New York, NY
         December 31, 2015                         _____
                                                   JED S. RAKOFF, U.S.D.J.

---

[3] The Supreme Court rejected an argument similar to petitioner's in Dixon v. United States, 548 U.S. 1 (2006), in which the Court upheld a defendant's conviction for making false statements in connection with buying a firearm in part because even if the defendant's "will was overborne by the threats made against her and her daughters, she still knew that she was making false statements and knew that she was breaking the law by buying a firearm." Id. at 6 (emphasis in original). Rengifo's attempt to distinguish Dixon as involving an offense that was not "goal oriented" is unpersuasive.

7